JH

**FILED**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

FEB **2 5** 2005

**MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

| | |
|---|---|
| AL HADID, as father and next friend of JANEIEN HADID, HASAN HADID, and HOSAM HADID, all minors, and SAMAR HADID, and AL HADID, individually, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| BLITZ USA, INC. and WAL-MART STORES, INC., d/b/a WAL-MART, INC., | ) ) ) |
| Defendants. | ) ) |

Court No.: **05C 1168**

**JUDGE ZAGEL**

**MAGISTRATE JUDGE LEVIN**

## NOTICE OF FILING

TO:    Christopher Mullen
       Mary R. Minella
       MULLEN, MINELLA & KELLIHER
       Three First National Plaza, Suite 2060
       Chicago, IL 60602
       (312) 346-2998
       (312) 346-6024 fax

Hank Anderson
THE ANDERSON LAW FIRM
4600 Belair
Wichita Falls, TX 76310
(940) 691-7600
(940) 691-1790 fax

PLEASE TAKE NOTICE that I have this 25th day of February, 2005, I filed with the United States District Court Northern District of Illinois and with the Circuit Court of Cook County, Illinois County Department, Law Division the attached **Notice of Removal.**

Attorneys for Defendant, Wal-Mart Stores, Inc.

James W. Ozog-2130963
Jason R. Schachner-6279403
WIEDNER & McAULIFFE, LTD.
1 North Franklin, Suite 1900
Chicago, Illinois 60606
(312) 855-1105

## CERTIFICATE OF SERVICE

Carol Browne, being first duly sworn on oath, deposes and states that she served the foregoing document and this Certificate of Service on the above-mentioned party by depositing same in the U.S. Mail at One North Franklin Street, Chicago, Illinois, proper postage pre-paid, this 25th day of February, 2005.

SUBSCRIBED AND SWORN to before me
this 25th day of February, 2005

**OFFICIAL SEAL
KATHLEEN A DELAGARZA**
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 4/13/05

NOTARY PUBLIC

IN THE UNITED STATES DISTRICT COURT FOR THE **FILED**
NORTHERN DISTRICT OF ILLINOIS

FEB 2 5 2005

| | |
|---|---|
| AL HADID, as father and next friend of ) | **MICHAEL W. DOBBINS** |
| JANEIEN HADID, HASAN HADID, and ) | **CLERK, U.S. DISTRICT COURT** |
| HOSAM HADID, all minors, and SAMAR ) | |
| HADID, and AL HADID, individually, ) | |

Plaintiffs, )

**JUDGE ZAGEL**

v. )

Cour **05C 1168**

BLITZ USA, INC. and WAL-MART )
STORES, INC., d/b/a WAL-MART, INC., )

**MAGISTRATE JUDGE LEVIN**

Defendants. )

## NOTICE OF REMOVAL

WAL-MART STORES, INC., incorrectly sued as WAL-MART STORES, INC. d/b/a WAL-MART, INC. and BLITZ USA, INC., Defendants, in the above-entitled cause, seek removal to this Court and, in support thereof, allege as follows:

1.     This action was commenced against WAL-MART STORES, INC., incorrectly sued as WAL-MART STORES, INC. d/b/a WAL-MART, INC. and BLITZ USA, INC. in the Circuit Court of Cook County, Illinois, on January 24, 2005.

2.     A copy of the Complaint at Law was served on the Defendant, WAL-MART STORES, INC., incorrectly sued as WAL-MART STORES, INC. d/b/a WAL-MART, INC., on January 26, 2005.  (Attached hereto as Exhibit A)

3.     At the time the action was commenced and since then, Plaintiffs were and are citizens of the State of Illinois. The Defendant, WAL-MART STORES, INC., was and is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Bentonville, Arkansas.  The Defendant, BLITZ USA, INC., was and is a

corporation organized and existing under the laws of the State of Oklahoma with its principal place of business in Miami, Oklahoma.

4.      Plaintiffs' have brought this thirty-three (33) Count Complaint at Law against the Defendants to recover from alleged injuries resulting from a residential fire that occurred on December 18, 2003, at Plaintiffs' home in Hickory Hills, Cook County, Illinois, which allegedly resulted in serious burns to four of the five defendants, including serious burns to over 50% of Plaintiff Janeien Hadid's body (as alleged in Counts I-VI, inclusive of Plaintiffs' Complaint), serious burns to over 40% of Plaintiff Hasan Hadid's body (as alleged in Couts VII-XII, inclusive, of Plaintiffs' Complaint), serious burns to over 7% of Plaintiff Hosam Hadid's body (as alleged in Counts XIII-XVIII of Plaintiffs' Complaint), and third degree burns to over 87% of Plaintiff Samar Hadid's body (as alleged in Counts XIX-XXIV of Plaintiffs' Complaint).

5.      Plaintiffs' Complaint prays for relief in Counts I-XXX, inclusive, in excess of $75,000, and the Defendants in good faith believe this amount in controversy is exclusive of interest and costs.

6.      The undersigned attorney for Wal-Mart has spoken with counsel for Blitz USA, Inc., and counsel for Blitz USA, Inc., on behalf of Blitz USA, Inc., will consent to the removal of this action. Blitz USA, Inc. has not appeared, to date, in this case.

7.      This action is a civil one of which the United States District Courts have original jurisdiction under 28 U.S.C. §1332.

8.      Defendants attach to this notice copies of all process and pleadings that have been served upon them. (Attached hereto as Exhibit B)

WHEREFORE, Defendants pray that this cause be removed to the United States District

Court for the Northern District of Illinois.

Respectfully submitted,

WIEDNDER & McAULIFFE, LTD.

Attorney for WAL-MART STORES, INC.
incorrectly sued as, WAL-MART STORES,
INC. d/b/a WAL-MART, INC.

James W. Ozog - 2130963
Jason R. Schachner - 6279403
Wiedner & McAuliffe, Ltd.
One North Franklin, Suite 1900
Chicago, IL 60606
(312) 855-1105

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| AL HADID, as father and next friend of JANEIEN HADID, HASAN HADID, and HOSAM HADID, all minors, and SAMAR HADID, and AL HADID, individually, | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Court No.: |
| BLITZ USA, INC. and WAL-MART STORES, INC., d/b/a WAL-MART, INC., | ) ) ) | |
| Defendants. | ) | |

**AFFIDAVIT**

James W. Ozog, being first duly sworn on oath, deposes and says that:

1. He is the attorney for the Defendant, WAL-MART STORES, INC., incorrectly sued as WAL-MART STORES, INC. d/b/a WAL-MART, INC. in this cause;

2. He read the petition for removal filed in this cause and has personal knowledge of the facts and matters contained in it; and

3. The facts and allegations contained in the petition for removal are true and correct.

_James W. Ozog_

SUBSCRIBED AND SWORN to before me
this 25th day of February, 2005.

_NOTARY PUBLIC_

OFFICIAL SEAL
KATHLEEN A DELAGARZA
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES:09/19/05

James W. Ozog- 2130963
Jason R. Schachner- 6279403
WIEDNER & McAULIFFE, LTD.
1 North Franklin, Suite 1900
Chicago, Illinois 60606
(312) 855-1105

STATE OF ILLINOIS)
              )
COUNTY OF COOK )

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

AL HADID, as father and next friend of )
JANEIEN HADID, HASAN HADID, and )
HOSAM HADID, all minors, and SAMAR )
HADID, and AL HADID, individually, )
                                 )

        Plaintiffs )

                                 )

v. )   No.     001 000136
                                 )

BLITZ USA, INC., and WAL-MART STORES, )   PLAINTIFFS REQUEST
INC., a/k/a WAL-MART INC., )   TRIAL BY JURY
                                 )

        Defendants. )

## COMPLAINT AT LAW

### COUNT I
#### (Strict Products Liability - Blitz USA, Inc.)

    Plaintiff, AL HADID, as father and next friend of JANEIEN HADID, a minor, by and

through his attorneys, MULLEN, MINELLA & KELLIHER and THE ANDERSON LAW FIRM,

says as to the Defendant, BLITZ USA, INC., as follows:

    1. That Defendant, Blitz USA Inc., (hereinafter Blitz USA), is an Oklahoma corporation with

its corporate headquarters and principal place of business in Miami, Oklahoma.

    2. That at all times pertinent hereto, the Defendant, Blitz USA manufactured red portable

plastic gasoline containers, Model 50810.

    3. That at all times pertinent hereto, the Defendant, Blitz USA designed red portable plastic

gasoline containers, Model 50810.



4. That at all times pertinent hereto, the Defendant, Blitz USA provided the engineering requirements to produce red portable plastic gasoline containers, Model 50810.

5. That at all times pertinent hereto, the Defendant, Blitz USA distributed red portable plastic gasoline containers, Model 50810, including into Cook County, Illinois.

6. That at all times pertinent hereto, the Defendant, Blitz USA sold red portable plastic gasoline containers, Model 50810, including in Cook County, Illinois.

7. That at all times pertinent hereto, the Defendant, Blitz USA intentionally placed into the stream of commerce red portable plastic gasoline containers, Model 50810.

8. That Blitz USA manufactured, designed, engineered, marketed, distributed, sold and intentionally put into the stream of commerce the red portable plastic gasoline container, Model 50810, which was purchased on approximately August 28, 2003, for residential use by Al Hadid and by Plaintiff, Samar Hadid, and in their possession on December 18, 2003.

9. Blitz USA's gasoline containers, including Model 50810, were marketed and sold under the Blitz trademark owned by Blitz USA.

10. The "Blitz" name appeared on the label of gas can Model 50810.

11. That Defendant, Wal-Mart, Inc. (hereinafter Wal-Mart), is a Delaware corporation, doing business in the State of Illinois, Cook County, Chicago, Illinois, with its principal place of business and headquarters in Bentonville, Arkansas.

12. That on and prior to August 28, 2003, Wal-Mart owned and operated the Wal-Mart store in Bridgeview, Illinois, located at 102nd Street and Harlem Avenue.

13. That on and prior to August 28, 2003, Defendant, Wal-Mart, Inc. was in the business of commercially supplying gasoline containers, including a two-gallon, eight-ounce gasoline container,

2

Model 50810, manufactured by Defendant, Blitz USA.

14. That Blitz USA, Inc., places its products into the stream of commerce in Illinois, and sells its products through places of business such as Wal-Mart stores in the State of Illinois, County of Cook.

15. That Wal-Mart selected the Blitz USA Model 50810, two-gallon, eight-ounce gasoline container for sale at its store located at 102nd Street and Harlem Avenue, in Bridgeview, Illinois, for sale on or about August 23, 2003.

16. That gasoline container, Model 50810, does not contain a device known as a flame or spark arrester or a flashback arrester.

17. That at all relevant times, Janeien Hadid is and has been an Illinois resident.

18. That on approximately December 18, 2003, Janeien Hadid was at her home located at 9311 South 77th Street, Hickory Hills, Cook County, Illinois.

19. That the Hadid home was equipped with a fireplace.

20. That on December 18, 2003, Samar Hadid, an unsophisticated user and unaware of the dangers of gasoline vapors, observed that there was no fire or active flames in the fireplace.

21. That on said date, Samar Hadid had in her hand the gasoline container, Model 50810, manufactured by Blitz USA in the vicinity of the fireplace.

22. While Samar Hadid held the gasoline container, Model 50810 manufactured by Blitz USA, in the vicinity of the fireplace, vapors from the gasoline in the container were ignited, and the flame was observed following the vapor trail back up to and inside the gasoline container, at which time observers saw and heard it explode.

3

23. Burning gasoline and gasoline vapors were blown by the force of the explosion from the living room, where they engulfed Samar Hadid, Janeien Hadid and Hasan Hadid, to the garage on one side and to the kitchen on the other side of the home.

24. Hosam Hadid, while attempting to rescue his younger sister, Janeien Hadid, sustained burns to his body.

25. That said portable plastic gasoline container, Model 50810, was designed, marketed, manufactured and sold by Defendant, Blitz USA, in an unreasonably dangerous and/or defective condition.

26. That said gasoline container was unreasonably dangerous, as it was unsafe when put to a use that was reasonably foreseeable by Blitz USA considering the nature and function of the product.

27. Blitz USA, although aware of previous explosions and fires and aware of the need for an explosion-proof container and container equipped with a flame arrester/flashback arrester, failed to adequately warn of the potential risks and hazards involved in the use of their product.

28. That at the time said, Blitz USA gasoline container, Model 50810, left control of Defendant, Blitz USA, and at all times pertinent herein, said Blitz USA gasoline container, Model 50810, was defective and unreasonably dangerous in one or more of the following respects:

   a.   The portable plastic gasoline container was both unreasonably dangerous and inherently dangerous for the reason that it lacked a flame arrester/flashback arrester;

   b.   The portable plastic gasoline container had inadequate and unreadable warnings and/or instructions as to the hazards and/or risks involving ignition of gasoline vapors with flames coming back in to the container resulting in explosions;

4

c.  The portable plastic gasoline container was both unreasonably dangerous and inherently dangerous for the reason that it was not explosion-proof.

29. That at the time the injuries herein complained of occurred, said gasoline container was in substantially the same condition as when the Defendant released it into the stream of commerce.

30. That Defendant, Blitz USA, created or was the producing cause of the defect in the Blitz USA portable plastic gasoline containers, Model 50810, that caused the injuries to Plaintiff, Janeien Hadid.

31. That as a direct and proximate result of the defective and unreasonably dangerous condition of the product, Janeien Hadid suffered serious burn injuries; that she has been burned over 50% of her body with 3rd degree burns; that she was caused to expend large sums of money for medical and hospital care in the past in an endeavor to be cured of her injuries, and will in the future be required to spend money for medical and hospital care; that she has suffered great losses of a personal and pecuniary nature; she was subjected in the past to severe pain, suffering, disability, scarring and disfigurement and will be further subjected in the future to pain, suffering, disability and disfigurement; that Janeien Hadid has been unable to attend to her usual duties.

WHEREFORE, Plaintiff, AL HADID, as father and next friend of JANEIEN HADID, a minor, by and through his attorneys, MULLEN, MINELLA & KELLIHER and THE ANDERSON LAW FIRM, respectfully requests that judgment be entered against Defendant, BLITZ USA, INC., in an amount necessary to fully and fairly compensate the Plaintiff for all losses compensable under Illinois law in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

## COUNT II
### (Negligence - Blitz USA, Inc.)

Plaintiff, AL HADID, as father and next friend of JANEIEN HADID, a minor, by and through his attorneys, MULLEN, MINELLA & KELLIHER and THE ANDERSON LAW FIRM, states as to Defendant, BLITZ USA, INC.:

That he realleges as though fully set out herein the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26 and 27 of Count I as the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26 and 27 of this his Count II and further says:

28. That Blitz USA designed, marketed, sold, distributed, manufactured and placed into the stream of commerce, said unreasonably dangerous portable plastic gasoline container.

29. That at all times herein mentioned, it was the duty of the Defendant to design, manufacture, distribute and sell said gasoline container Model 50810 in a reasonably safe condition.

30. That disregarding its duty, Defendant was guilty of one or more of the following careless and negligent acts or omissions of duty that proximately caused the injuries and damages hereinafter mentioned:

    a. Designed a portable plastic gasoline container, that lacked a flame arrester/flashback arrester;

    b. Sold a portable plastic gasoline container that lacked a flame arrester/flashback arrester;

    c. Designed and sold a portable gasoline container that had inadequate and unreadable warnings and/or instructions on the subject gasoline container as to the hazards and/or risks involving ignition of gasoline vapors with flames coming back into the container resulting in explosions;

6

d.  Failed to properly test the gasoline container with prototypes utilizing flame arresters/flashback arresters;

e.  Failed to determine the economic feasibility of the inclusion of flame arresters/flashback arresters in portable plastic gasoline containers;

f.  Designed a portable plastic gasoline container that was not explosion-proof;

g.  Sold a portable plastic gasoline container that was not explosion-proof;

h.  Failed to engage in an educational program to protect users of the gasoline containers from the foreseeable dangers present in the use of the container when such dangers were well known to Defendant to have existed, and Blitz USA intentionally and knowingly chose not to take action to make said containers safe; and

i.  Were negligent in failing to determine what was widely known and accepted in industry, knowledge derived from test studies and otherwise that the use of flame arresters/flashback arresters, while costing "pennies" per can, could be incorporated on portable plastic gasoline containers, significantly reducing the incidents involving gas container explosions when ignited vapors passed into the containers causing an explosion, and nonetheless failed to take proper precautions to make said gas containers safe.

31.  That as a direct and proximate result of the defective and unreasonably dangerous condition of the product, Janeien Hadid suffered serious burn injuries; that she has been burned over 50% of her body with 3rd degree burns; that she was caused to expend large sums of money for medical and hospital care in the past in an endeavor to be cured of her injuries, and will in the future be required to spend money for medical and hospital care; that she has suffered great losses of a personal and pecuniary nature; she was subjected in the past to severe pain, suffering, disability, scarring and disfigurement and will be further subjected in the future to pain, suffering, disability and disfigurement; that Janeien Hadid has been unable to attend to her usual duties.

7

WHEREFORE, Plaintiff, AL HADID, as father and next friend of JANEIEN HADID, a minor, by and through his attorneys, MULLEN, MINELLA & KELLIHER and THE ANDERSON LAW FIRM, respectfully requests that judgment be entered against Defendant, BLITZ USA, INC., in an amount necessary to fully and fairly compensate the Plaintiff for all losses compensable under Illinois law in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

## COUNT III
### (Breach of Implied Warranty - Blitz USA, Inc.)

Plaintiff, AL HADID, as father and next friend of JANEIEN HADID, a minor, by and through his attorneys, MULLEN, MINELLA & KELLIHER and THE ANDERSON LAW FIRM, says as to the Defendant, BLITZ USA, INC.:

That he realleges as though fully set out herein the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27 and 29 of Count I as the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27 and 29 of this his Count III and further says:

28. In selling and placing said gasoline container into the stream of commerce, Blitz USA, Inc., impliedly warranted pursuant to 810 ILCS 5/2-314, that said container was merchantable and fit for the ordinary and foreseeable purposes for which it was intended to be used.

30. Blitz USA breached said implied warranty and said product was not fit for its intended use in one or more of the following respects among others:

    a.    Blitz USA failed to adequately test the gasoline containers to determine whether or not said containers were explosion-proof or explosion-resistant;

    b.    Blitz USA failed to incorporate a flame arrester/flashback arrester, known to them to be a product which would have prevented container explosions of the type the Plaintiff encountered; and

8

c. Blitz USA failed to properly and effectively warn the consumer public as to the potential of the containers to explode when vapors are ignited and the flame follows the vapor trail back to and inside the container.

31. In breach of the aforesaid warranty, Blitz USA knowingly placed in the stream of commerce a gasoline container that was unmerchantable and unfit for its ordinary, intended and foreseeable uses.

32. That as a direct and proximate result of the defective and unreasonably dangerous condition of the product, Janeien Hadid suffered serious burn injuries; that she has been burned over 50% of her body with 3rd degree burns; that she was caused to expend large sums of money for medical and hospital care in the past in an endeavor to be cured of her injuries, and will in the future be required to spend money for medical and hospital care; that she has suffered great losses of a personal and pecuniary nature; she was subjected in the past to severe pain, suffering, disability, scarring and disfigurement and will be further subjected in the future to pain, suffering, disability and disfigurement; that Janeien Hadid has been unable to attend to her usual duties, subjecting Blitz USA to liability under Illinois law.

WHEREFORE, Plaintiff, AL HADID, as father and next friend of JANEIEN HADID, a minor, by and through his attorneys, MULLEN, MINELLA & KELLIHER and THE ANDERSON LAW FIRM, respectfully requests that judgment be entered against Defendant, BLITZ USA, INC., in an amount necessary to fully and fairly compensate the Plaintiff for all losses compensable under Illinois law in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

9

## COUNT IV
### (Strict Liability - Wal-Mart)

Plaintiff, AL HADID, as father and next friend of JANEIEN HADID, a minor, by and through his attorneys, MULLEN, MINELLA & KELLIHER and THE ANDERSON LAW FIRM, says as to the Defendant, WAL-MART STORES, INC., a/k/a WAL-MART INC.:

That he realleges as though fully set out herein the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22 and 23 of Count I as the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22 and 23 of this his Count IV and further says:

24. That the Blitz USA portable plastic gasoline container, Model 50810 was sold by Defendant Wal-Mart when it knew that the product was the product was in an unreasonably dangerous and/or defective condition.

25. That said gasoline container was unreasonably dangerous as it was unsafe when put to a use that was reasonably foreseeable by Wal-Mart, considering the nature and function of the product.

26. That said gasoline container was both unreasonably dangerous and inherently dangerous for the reason that it lacked a flame arrester/flashback arrester and was not explosion-proof and both the manufacturer, Blitz USA and the seller, Wal-Mart, failed to adequately warn of its potential risks of hazards.

27. That Defendant, Wal-Mart's actions and inactions with respect to the sale of Blitz USA portable plastic gasoline containers Model 50810 were a producing cause of Plaintiff, Janeien Hadid's injuries.

10

28. That as a direct and proximate result of the defective and unreasonably dangerous condition of the product, Janeien Hadid suffered serious burn injuries; that she has been burned over 50% of her body with 3rd degree burns; that she was caused to expend large sums of money for medical and hospital care in the past in an endeavor to be cured of her injuries, and will in the future be required to spend money for medical and hospital care; that she has suffered great losses of a personal and pecuniary nature; she was subjected in the past to severe pain, suffering, disability, scarring and disfigurement and will be further subjected in the future to pain, suffering, disability and disfigurement; that Janeien Hadid has been unable to attend to her usual duties.

WHEREFORE, Plaintiff, AL HADID, as father and next friend of JANEIEN HADID, a minor, by and through his attorneys, MULLEN, MINELLA & KELLIHER and THE ANDERSON LAW FIRM, respectfully requests that judgment be entered against Defendant, WAL-MART STORES, INC., a/k/a WAL-MART, INC., in an amount necessary to fully and fairly compensate the Plaintiff for all losses compensable under Illinois law in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

## COUNT V
### (Negligence - Wal-Mart)

Plaintiff, AL HADID, as father and next friend of JANEIEN HADID, a minor, by and through his attorneys, MULLEN, MINELLA & KELLIHER and THE ANDERSON LAW FIRM says as to the Defendant, WAL-MART STORES, INC., a/k/a WAL-MART INC.:

That he realleges as though fully set out herein the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22 and 23 of Count 1 as the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22 and 23 of this his

11

Count V and further says:

24. Plaintiff alleges that Wal-Mart sold, distributed and placed into the stream of commerce the unreasonably dangerous Blitz USA plastic portable gasoline container, Model 50810.

25. That disregarding its duty, Defendant Wal-Mart was guilty of one or more of the following careless and negligent acts or omissions of duty that proximately caused the injuries and damages hereinafter mentioned:

    a.    Wal-Mart had been placed on notice prior to December 18, 2003, of the defective nature of the Blitz USA, Inc. portable plastic gasoline containers, Model 50810, which were manufactured and sold without flame arresters/flashback arresters, yet continued to sell the products;

    b.    Wal-Mart negligently failed to require that each container be equipped with flame arresters/flashback arresters;

    c.    Wal-Mart had been placed on notice prior to December 18, 2003, of the defective nature of the Blitz USA, Inc. portable plastic gasoline containers, Model 50810, which were not explosion-proof when manufactured and sold, yet continued to sell the products;

    d.    Wal-Mart negligently failed to require that each container be explosion-proof;

    e.    Wal-Mart sold a product that had inadequate and unreadable warnings and/or instructions on the subject gasoline containers as to the hazards and/or risks involving gasoline vapors; and

    f.    Knowing the defect, Wal-Mart failed to protect foreseeable users of the gasoline container by selling the container to those members of the unsuspecting public without requiring that the defect be remedied and the warning be changed;

26. That as a direct and proximate result of the defective and unreasonably dangerous condition of the product, Janeien Hadid suffered serious burn injuries; that she has been burned over 50% of her body with 3rd degree burns; that she was caused to expend large sums of money for

12

medical and hospital care in the past in an endeavor to be cured of her injuries, and will in the future be required to spend money for medical and hospital care; that she has suffered great losses of a personal and pecuniary nature; she was subjected in the past to severe pain, suffering, disability, scarring and disfigurement and will be further subjected in the future to pain, suffering, disability and disfigurement; that Janeien Hadid has been unable to attend to her usual duties.

WHEREFORE, Plaintiff, AL HADID, as father and next friend of JANEIEN HADID, a minor, by and through his attorneys, MULLEN, MINELLA & KELLIHER and THE ANDERSON LAW FIRM, respectfully requests that judgment be entered against Defendant, WAL-MART STORES, INC., a/k/a WAL-MART, INC., in an amount necessary to fully and fairly compensate the Plaintiff for all losses compensable under Illinois law in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

## COUNT VI
### (Breach of Implied Warranty - Wal-Mart)

Plaintiff, AL HADID, as father and next friend of JANEIEN HADID, a minor, by and through his attorneys, MULLEN, MINELLA & KELLIHER and THE ANDERSON LAW FIRM, says as to the Defendant, WAL-MART STORES, INC., a/k/a WAL-MART INC.:

That he realleges as though fully set out herein the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22 and 23 of Count I as the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22 and 23 of this his Count VI and further says:

24. In selling and placing said gasoline container into the stream of commerce, Wal-Mart impliedly warranted pursuant to 810 ILCS 5/2-314, that said container was merchantable and fit for

13

the ordinary and foreseeable purposes for which it was intended to be used.

25. Wal-Mart breached said implied warranty in one or more of the following respects, among others:

a.    Wal-Mart failed to adequately test the gasoline containers to determine whether or not said containers were explosion-proof or explosion-resistant;

b.    Wal-Mart failed to inspect the gasoline containers to ensure that they were equipped with flame arresters/flashback arresters;

c.    Wal-Mart failed to inspect the containers as to proper and effective warnings.

26. In breach of the aforesaid warranty, Wal-Mart knowingly placed in the stream of commerce a gasoline can that was unmerchantable and unfit for its ordinary, intended and foreseeable uses.

27. That as a direct and proximate result of the defective and unreasonably dangerous condition of the product, Janeien Hadid suffered serious burn injuries; that she has been burned over 50% of her body with 3rd degree burns; that she was caused to expend large sums of money for medical and hospital care in the past in an endeavor to be cured of her injuries, and will in the future be required to spend money for medical and hospital care; that she has suffered great losses of a personal and pecuniary nature; she was subjected in the past to severe pain, suffering, disability, scarring and disfigurement and will be further subjected in the future to pain, suffering, disability and disfigurement; that Samar Hadid has been unable to attend to her usual duties, subjecting Wal-Mart to liability under Illinois law.

WHEREFORE, Plaintiff, AL HADID, as father and next friend of JANEIEN HADID, a minor, by and through his attorneys, MULLEN, MINELLA & KELLIHER and THE ANDERSON

14

LAW FIRM, respectfully requests that judgment be entered against Defendant, WAL-MART STORES, INC., a/k/a WAL-MART, INC., in an amount necessary to fully and fairly compensate the Plaintiff for all losses compensable under Illinois law in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

**COUNT VII**
**(Strict Products Liability - Blitz USA, Inc.)**

Plaintiff, AL HADID as father and next friend of HASAN HADID, a minor, by and through his attorneys, MULLEN, MINELLA & KELLIHER and THE ANDERSON LAW FIRM, says as to the Defendant, BLITZ USA, INC., as follows:

1. That Defendant, Blitz USA Inc., (hereinafter Blitz USA), is an Oklahoma corporation with its corporate headquarters and principal place of business in Miami, Oklahoma.

2. That at all times pertinent hereto, the Defendant, Blitz USA manufactured red portable plastic gasoline containers, Model 50810.

3. That at all times pertinent hereto, the Defendant, Blitz USA designed red portable plastic gasoline containers, Model 50810.

4. That at all times pertinent hereto, the Defendant, Blitz USA provided the engineering requirements to produce red portable plastic gasoline containers, Model 50810.

5. That at all times pertinent hereto, the Defendant, Blitz USA distributed red portable plastic gasoline containers, Model 50810, including into Cook County, Illinois.

6. That at all times pertinent hereto, the Defendant, Blitz USA sold red portable plastic gasoline containers, Model 50810, including in Cook County, Illinois.

7. That at all times pertinent hereto, the Defendant, Blitz USA intentionally placed into the

15

stream of commerce red portable plastic gasoline containers, Model 50810.

8. That Blitz USA manufactured, designed, engineered, marketed, distributed, sold and intentionally put into the stream of commerce the red portable plastic gasoline container, Model 50810, which was purchased on approximately August 28, 2003, for residential use by Al Hadid, and by Plaintiff, Samar Hadid, and in their possession on December 18, 2003.

9. Blitz USA's gasoline containers, including Model 50810, were marketed and sold under the Blitz trademark owned by Blitz USA, Inc.

10. The "Blitz" name appeared on the label of gas can Model 50810.

11. That Defendant, Wal-Mart, Inc. (hereinafter Wal-Mart), is a Delaware corporation, doing business in the State of Illinois, Cook County, Chicago, Illinois, with its principal place of business and headquarters in Bentonville, Arkansas.

12. That on and prior to August 28, 2003, Wal-Mart owned and operated the Wal-Mart store in Bridgeview, Illinois, located at 102nd Street and Harlem Avenue.

13. That on and prior to August 28, 2003, Defendant, Wal-Mart, Inc. was in the business of commercially supplying gasoline containers, including a two-gallon, eight-ounce gasoline container, Model 50810, manufactured by Defendant, Blitz USA, Inc.

14. That Blitz USA Inc., places its products into the stream of commerce in Illinois, and sells its products through places of business such as Wal-Mart Inc., stores in the State of Illinois, County of Cook.

15. That Wal-Mart Stores, Inc., selected the Blitz Model 50810, two-gallon, eight-ounce gasoline container for sale at its store located at 102nd Street and Harlem Avenue, in Bridgeview, Illinois, for sale on or about August 23, 2003.

16

16. That gasoline container, Model 50810, does not contain a device known as a flame or spark arrester or a flashback arrester.

17. That at all relevant times, Hasan Hadid is and has been an Illinois resident.

18. That on approximately December 18, 2003, Hasan Hadid was at his home located at 9311 South 77th Street, Hickory Hills, Cook County, Illinois.

19. That the Hadid home was equipped with a fireplace.

20. That on December 18, 2003, Samar Hadid, an unsophisticated user and unaware of the dangers of gasoline vapors, observed that there was no fire or active flames in the fireplace.

21. That on said date, Samar Hadid had in her hand the gasoline container, Model 50810, manufactured by Blitz USA in the vicinity of the fireplace.

22. While Samar Hadid held the gasoline container, Model 50810 manufactured by Blitz USA, in the vicinity of the fireplace, vapors from the gasoline in the container were ignited, and the flame was observed following the vapor trail back up to and inside the gasoline container, at which time it exploded.

23. Burning gasoline and gasoline vapors were blown by the force of the explosion from the living room, where they engulfed Samar Hadid, Janeien Hadid and Hasan Hadid, to the garage on one side and to the kitchen on the other side of the home.

24. Hosam Hadid, while attempting to rescue his younger sister, Janeien Hadid, sustained burns to his body.

25. That said portable plastic gasoline container, Model 50810, was designed, marketed, manufactured and sold by Defendant, Blitz USA, Inc., in an unreasonably dangerous and/or defective condition.

17

26. That said gasoline container was unreasonably dangerous, as it was unsafe when put to a use that was reasonably foreseeable by Blitz USA, Inc., considering the nature and function of the product.

27. Blitz USA, Inc., although aware of previous explosions and fires and aware of the need for an explosion-proof container and container equipped with a flame arrester/flashback arrester, failed to adequately warn of the potential risks and hazards involved in the use of their product.

28. That at the time said, Blitz gasoline container, Model 50810, left control of Defendant, Blitz USA, and at all times pertinent herein, said Blitz USA, Inc., gasoline container, Model 50810, was defective and unreasonably dangerous in one or more of the following respects:

a. The portable plastic gasoline container was both unreasonably dangerous and inherently dangerous for the reason that it lacked a flame arrester/flashback arrester;

b. The portable plastic gasoline container had inadequate and unreadable warnings and/or instructions as to the hazards and/or risks involving ignition of gasoline vapors with flames coming back in to the container resulting in explosions;

c. The portable plastic gasoline container was both unreasonably dangerous and inherently dangerous for the reason that it was not explosion-proof.

29. That at the time the injuries herein complained of occurred, said gasoline container was in substantially the same condition as when the Defendant released it into the stream of commerce.

30. That Defendant, Blitz USA, created or was the producing cause of the defect in the Blitz USA portable plastic gasoline containers, Model 50810, that caused the injuries to Plaintiff, Hasan Hadid.

31. That as a direct and proximate result of the defective and unreasonably dangerous

18

condition of the product, Hasan Hadid suffered serious burn injuries; that he has been burned over approximately 40% of his body; that he was caused to expend large sums of money for medical and hospital care in the past in an endeavor to be cured of his injuries, and will in the future be required to spend money for medical and hospital care; that he has suffered great losses of a personal and pecuniary nature; he was subjected in the past to severe pain, suffering, disability, scarring and disfigurement and will be further subjected in the future to pain, suffering, disability and disfigurement; that Hasan Hadid has been unable to attend to his usual duties.

WHEREFORE, Plaintiff, AL HADID, as father and next friend of HASAN HADID, a minor, by and through his attorneys, MULLEN, MINELLA & KELLIHER and THE ANDERSON LAW FIRM, respectfully requests that judgment be entered against Defendant, BLITZ USA, INC., in an amount necessary to fully and fairly compensate the Plaintiff for all losses compensable under Illinois law in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

## COUNT VIII
### (Negligence - Blitz USA, Inc.)

Plaintiff, AL HADID, as father and next friend of HASAN HADID, a minor, by and through his attorneys, MULLEN, MINELLA & KELLIHER and THE ANDERSON LAW FIRM, states as to Defendant, BLITZ USA, INC.:

That he realleges as though fully set out herein the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26 and 27 of Count VII as the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26 and 27 of this his Count VIII and further says:

28. That Blitz USA designed, marketed, sold, distributed, manufactured and placed into the

19

stream of commerce, said unreasonably dangerous portable plastic gasoline container.

29. That at all times herein mentioned, it was the duty of the Defendant to design, manufacture, distribute and sell said gasoline container Model 50810 in a reasonably safe condition.

30. That disregarding its duty, Defendant Blitz USA, was guilty of one or more of the following careless and negligent acts or omissions of duty that proximately caused the injuries and damages hereinafter mentioned:

a. Designed a portable plastic gasoline container, that lacked a flame arrester/flashback arrester;

b. Sold a portable plastic gasoline container that lacked a flame arrester/flashback arrester;

c. Designed and sold a portable gasoline container that had inadequate and unreadable warnings and/or instructions on the subject gasoline container as to the hazards and/or risks involving ignition of gasoline vapors with flames coming back into the container resulting in explosions;

d. Failed to properly test the gasoline container with prototypes utilizing flame arresters/flashback arresters;

e. Failed to determine the economic feasibility of the inclusion of flame arresters/flashback arresters in portable plastic gasoline containers;

f. Designed a portable plastic gasoline container that was not explosion-proof;

g. Sold a portable plastic gasoline container that was not explosion-proof;

h. Failed to engage in an educational program to protect users of the gasoline containers from the foreseeable dangers present in the use of the container when such dangers were well known to Defendant to have existed, and Blitz USA intentionally and knowingly chose not to take action to make said containers safe; and

20

i.    Were negligent in failing to determine what was widely known and accepted in industry, knowledge derived from test studies and otherwise that the use of flame arresters/flashback arresters, while costing "pennies" per can, could be incorporated on portable plastic gasoline containers, significantly reducing the incidents involving gas container explosions when ignited vapors passed into the containers causing an explosion, and nonetheless failed to take proper precautions to make said gas containers safe.

31. That as a direct and proximate result of the defective and unreasonably dangerous condition of the product, Hasan Hadid suffered serious burn injuries; that he has been burned over approximately 40% of his body; that he was caused to expend large sums of money for medical and hospital care in the past in an endeavor to be cured of his injuries, and will in the future be required to spend money for medical and hospital care; that he has suffered great losses of a personal and pecuniary nature; he was subjected in the past to severe pain, suffering, disability, scarring and disfigurement and will be further subjected in the future to pain, suffering, disability and disfigurement; that Hasan Hadid has been unable to attend to his usual duties.

WHEREFORE, Plaintiff, AL HADID, as father and next friend of HASAN HADID, a minor, by and through his attorneys, MULLEN, MINELLA & KELLIHER and THE ANDERSON LAW FIRM, respectfully requests that judgment be entered against Defendant, BLITZ USA, INC., in an amount necessary to fully and fairly compensate the Plaintiff for all losses compensable under Illinois law in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

## COUNT IX
### (Breach of Implied Warranty - Blitz USA, Inc.)

Plaintiff, AL HADID, as father and next friend of HASAN HADID, a minor, by and through his attorneys, MULLEN, MINELLA & KELLIHER and THE ANDERSON LAW FIRM, says as to the Defendant, WAL-MART STORES, INC., a/k/a WAL-MART INC.:

21

That he realleges as though fully set out herein the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27 and 29 of Count VII as the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27 and 29 of this his Count IX and further says:

28. In selling and placing said gasoline container into the stream of commerce, Blitz USA, Inc., impliedly warranted pursuant to 810 ILCS 5/2-314, that said container was merchantable and fit for the ordinary and foreseeable purposes for which it was intended to be used.

30. Blitz USA breached said implied warranty and said product was not fit for its intended use in one or more of the following respects among others:

a.   Blitz USA failed to adequately test the gasoline containers to determine whether or not said containers were explosion-proof or explosion-resistant;

b.   Blitz USA failed to incorporate a flame arrester/flashback arrester, known to them to be a product which would have prevented container explosions of the type the Plaintiff encountered; and

c.   Blitz USA failed to properly and effectively warn the consumer public as to the potential of the containers to explode when vapors are ignited and the flame follows the vapor trail back to and inside the container.

31. In breach of the aforesaid warranty, Wal-Mart knowingly placed in the stream of commerce a gasoline container that was unmerchantable and unfit for its ordinary, intended and foreseeable uses.

32. That as a direct and proximate result of the defective and unreasonably dangerous condition of the product, Hasan Hadid suffered serious burn injuries; that he has been burned over approximately 40% of his body; that he was caused to expend large sums of money for medical and

22

hospital care in the past in an endeavor to be cured of his injuries, and will in the future be required to spend money for medical and hospital care; that he has suffered great losses of a personal and pecuniary nature; he was subjected in the past to severe pain, suffering, disability, scarring and disfigurement and will be further subjected in the future to pain, suffering, disability and disfigurement; that Hasan Hadid has been unable to attend to his usual duties, subjecting Blitz USA to liability under Illinois law.

WHEREFORE, Plaintiff, AL HADID, as father and next friend of HASAN HADID, a minor, by and through his attorneys, MULLEN, MINELLA & KELLIHER and THE ANDERSON LAW FIRM, respectfully requests that judgment be entered against Defendant, WAL-MART STORES, INC., a/k/a WAL-MART, INC., in an amount necessary to fully and fairly compensate the Plaintiff for all losses compensable under Illinois law in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

## COUNT X
### (Strict Liability - Wal-Mart)

Plaintiff, AL HADID, as father and next friend of HASAN HADID, a minor, by and through his attorneys, MULLEN, MINELLA & KELLIHER and THE ANDERSON LAW FIRM, says as to the Defendant, WAL-MART STORES, INC., a/k/a WAL-MART INC.:

That he realleges as though fully set out herein the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22 and 23 of Count VII as the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22 and 23 of this his Count X and further says:

24. That the Blitz USA, Inc. portable plastic gasoline container, Model 50810 was sold by

23

Defendant Wal-Mart when it knew the product was in an unreasonably dangerous and/or defective condition.

25. That said gasoline container was unreasonably dangerous as it was unsafe when put to a use that was reasonably foreseeable by Wal-Mart, considering the nature and function of the product.

26. That said gasoline container was both unreasonably dangerous and inherently dangerous for the reason that it lacked a flame arrester/flashback arrester and was not explosion-proof, and both the manufacturer, Blitz USA, Inc., and the seller, Wal-Mart, failed to adequately warn of its potential risks of hazards.

27. That Defendant, Wal-Mart's actions and inactions with respect to the sale of Blitz USA portable plastic gasoline containers Model 50810 were a producing cause of Plaintiff, Hasan Hadid's injuries.

28. That as a direct and proximate result of the defective and unreasonably dangerous condition of the product, Hasan Hadid suffered serious burn injuries; that he has been burned over approximately 40% of his body; that he was caused to expend large sums of money for medical and hospital care in the past in an endeavor to be cured of his injuries, and will in the future be required to spend money for medical and hospital care; that he has suffered great losses of a personal and pecuniary nature; he was subjected in the past to severe pain, suffering, disability, scarring and disfigurement and will be further subjected in the future to pain, suffering, disability and disfigurement; that Hasan Hadid has been unable to attend to his usual duties.

WHEREFORE, Plaintiff, AL HADID, as father and next friend of HASAN HADID, a minor, by and through its attorneys, MULLEN, MINELLA & KELLIHER and THE ANDERSON LAW

24

FIRM, respectfully requests that judgment be entered against Defendant, WAL-MART STORES, INC., a/k/a WAL-MART, INC., in an amount necessary to fully and fairly compensate the Plaintiff for all losses compensable under Illinois law in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

## COUNT XI
### (Negligence - Wal-Mart)

Plaintiff, AL HADID, as father and next friend of HASAN HADID, a minor, by and through his attorneys, MULLEN, MINELLA & KELLIHER, and THE ANDERSON LAW FIRM says as to the Defendant, WAL-MART STORES, INC., a/k/a WAL-MART INC.:

That he realleges as though fully set out herein the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22 and 23 of Count VII as the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22 and 23 of this his Count XI and further says:

24. Plaintiff alleges that Wal-Mart sold, distributed and placed into the stream of commerce the unreasonably dangerous Blitz USA, Inc., plastic portable gasoline container, Model 50810.

25. That disregarding its duty, Defendant Wal-Mart was guilty of one or more of the following careless and negligent acts or omissions of duty that proximately caused the injuries and damages hereinafter mentioned:

    a.    Wal-Mart had been placed on notice prior to December 18, 2003, of the defective nature of the Blitz USA, Inc., portable plastic gasoline containers, Model 50810, which were manufactured and sold without flame arresters/flashback arresters, yet continued to sell the products;

    b.    Wal-Mart negligently failed to require that each container be equipped with flame arresters/flashback arresters;

25

c. Wal-Mart had been placed on notice prior to December 18, 2003, of the defective nature of the Blitz USA, Inc., portable plastic gasoline containers, Model 50810, which were not explosion-proof when manufactured and sold, yet continued to sell the products;

d. Wal-Mart negligently failed to require that each container be explosion-proof;

e. Wal-Mart sold a product that had inadequate and unreadable warnings and/or instructions on the subject gasoline containers as to the hazards and/or risks involving gasoline vapors; and

f. Knowing the defect, Wal-Mart failed to protect foreseeable users of the gasoline container by selling the container to those members of the unsuspecting public without requiring that the defect be remedied and the warning be changed;

26. That as a direct and proximate result of the defective and unreasonably dangerous condition of the product, Hasan Hadid suffered serious burn injuries; that he has been burned over approximately 40% of his body; that he was caused to expend large sums of money for medical and hospital care in the past in an endeavor to be cured of his injuries, and will in the future be required to spend money for medical and hospital care; that he has suffered great losses of a personal and pecuniary nature; he was subjected in the past to severe pain, suffering, disability, scarring and disfigurement and will be further subjected in the future to pain, suffering, disability and disfigurement; that Hasan Hadid has been unable to attend to his usual duties.

WHEREFORE, Plaintiff, AL HADID, as father and next friend of HASAN HADID, a minor, by and through his attorneys, MULLEN, MINELLA & KELLIHER and THE ANDERSON LAW FIRM, respectfully requests that judgment be entered against Defendant, WAL-MART STORES, INC., a/k/a WAL-MART, INC., in an amount necessary to fully and fairly compensate the Plaintiff for all losses compensable under Illinois law in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

26

## COUNT XII
### (Breach of Implied Warranty - Wal-Mart)

Plaintiff, AL HADID, as father and next friend of HASAN HADID, a minor, by and through its attorneys, MULLEN, MINELLA & KELLIHER and THE ANDERSON LAW FIRM, says as to the Defendant, WAL-MART STORES, INC., a/k/a WAL-MART INC.:

That he realleges as though fully set out herein the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22 and 23 of Count VII as the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22 and 23 of this his Count XII and further says:

24. In selling and placing said gasoline container into the stream of commerce, Wal-Mart impliedly warranted pursuant to 810 ILCS 5/2-314, that said container was merchantable and fit for the ordinary and foreseeable purposes for which it was intended to be used.

25. Wal-Mart breached said implied warranty in one or more of the following respects, among others:

   a.   Wal-Mart failed to adequately test the gasoline containers to determine whether or not said containers were explosion-proof or explosion-resistant;

   b.   Wal-Mart failed to inspect the gasoline containers to ensure that they were equipped with flame arresters/flashback arresters;

   c.   Wal-Mart failed to inspect the containers as to proper and effective warnings.

26. In breach of the aforesaid warranty, Wal-Mart knowingly placed in the stream of commerce a gasoline can that was unmerchantable and unfit for its ordinary, intended and foreseeable uses.

27

27. That as a direct and proximate result of the defective and unreasonably dangerous condition of the product, Hasan Hadid suffered serious burn injuries; that he has been burned over approximately 40% of his body; that he was caused to expend large sums of money for medical and hospital care in the past in an endeavor to be cured of his injuries, and will in the future be required to spend money for medical and hospital care; that he has suffered great losses of a personal and pecuniary nature; he was subjected in the past to severe pain, suffering, disability, scarring and disfigurement and will be further subjected in the future to pain, suffering, disability and disfigurement; that Hasan Hadid has been unable to attend to his usual duties, subjecting Wal-Mart to liability under Illinois law.

WHEREFORE, Plaintiff, AL HADID, as father and next friend of HASAN HADID, a minor, by and through its attorneys, MULLEN, MINELLA & KELLIHER and THE ANDERSON LAW FIRM, respectfully requests that judgment be entered against Defendant, WAL-MART STORES, INC., a/k/a WAL-MART, INC., in an amount necessary to fully and fairly compensate the Plaintiff for all losses compensable under Illinois law in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

### COUNT XIII
### (Strict Product Liability - Blitz USA, Inc.)

Plaintiff, AL HADID, as father and next friend of HOSAM HADID, a minor, by and through his attorneys, MULLEN, MINELLA & KELLIHER and THE ANDERSON LAW FIRM, says as to the Defendant, BLITZ USA, INC., as follows:

1. That Defendant, Blitz USA Inc., (hereinafter Blitz USA), is an Oklahoma corporation with its corporate headquarters and principal place of business in Miami, Oklahoma.

28

2. That at all times pertinent hereto, the Defendant, Blitz USA manufactured red portable plastic gasoline containers, Model 50810.

3. That at all times pertinent hereto, the Defendant, Blitz USA designed red portable plastic gasoline containers, Model 50810.

4. That at all times pertinent hereto, the Defendant, Blitz USA provided the engineering requirements to produce red portable plastic gasoline containers, Model 50810.

5. That at all times pertinent hereto, the Defendant, Blitz USA distributed red portable plastic gasoline containers, Model 50810, including into Cook County, Illinois.

6. That at all times pertinent hereto, the Defendant, Blitz USA sold red portable plastic gasoline containers, Model 50810, including in Cook County, Illinois.

7. That at all times pertinent hereto, the Defendant, Blitz USA intentionally placed into the stream of commerce red portable plastic gasoline containers, Model 50810.

8. That Blitz USA manufactured, designed, engineered, marketed, distributed, sold and intentionally put into the stream of commerce the red portable plastic gasoline container, Model 50810, which was purchased on approximately August 28, 2003, for residential use by Al Hadid, and by Plaintiff, Samar Hadid, and in their possession on December 18, 2003.

9. Blitz USA's gasoline containers, including Model 50810, were marketed and sold under the Blitz trademark owned by Blitz USA, Inc.

10. The "Blitz" name appeared on the label of gas can Model 50810.

11. That Defendant, Wal-Mart, Inc. (hereinafter Wal-Mart), is a Delaware corporation, doing business in the State of Illinois, Cook County, Chicago, Illinois, with its principal place of business and headquarters in Bentonville, Arkansas.

29

12. That on and prior to August 28, 2003, Wal-Mart owned and operated the Wal-Mart store in Bridgeview, Illinois, located at 102nd Street and Harlem Avenue.

13. That on and prior to August 28, 2003, Defendant, Wal-Mart, Inc. was in the business of commercially supplying gasoline containers, including a two-gallon, eight-ounce gasoline container, Model 50810, manufactured by Defendant, Blitz USA, Inc.

14. That Blitz USA Inc., places its products into the stream of commerce in Illinois, and sells its products through places of business such as Wal-Mart Inc., stores in the State of Illinois, County of Cook.

15. That Wal-Mart Stores, Inc., selected the Blitz Model 50810, two-gallon, eight-ounce gasoline container for sale at its store located at 102nd Street and Harlem Avenue, in Bridgeview, Illinois, for sale on or about August 23, 2003.

16. That gasoline container, Model 50810, does not contain a device known as a flame or spark arrester or a flashback arrester.

17. That at all relevant times, Hosam Hadid is and has been an Illinois resident.

18. That on approximately December 18, 2003, Hosam Hadid was at his home located at 9311 South 77th Street, Hickory Hills, Cook County, Illinois.

19. That the Hadid home was equipped with a fireplace.

20. That on December 18, 2003, Samar Hadid, an unsophisticated user and unaware of the dangers of gasoline vapors, observed that there was no fire or active flames in the fireplace.

21. That on said date, Samar Hadid had in her hand the gasoline container, Model 50810, manufactured by Blitz USA in the vicinity of the fireplace.

22. While Samar Hadid held the gasoline container, Model 50810 manufactured by Blitz

30

USA, in the vicinity of the fireplace vapors from the gasoline in the container were ignited, and the flame was observed following the vapor trail back up to and inside the gasoline container, at which time it exploded.

23. Burning gasoline and gasoline vapors were blown by the force of the explosion from the living room, where they engulfed Samar Hadid, Janeien Hadid and Hasan Hadid, to the garage on one side and to the kitchen on the other side of the home.

24. Hosam Hadid, while attempting to rescue his younger sister, Janeien Hadid, sustained burns to his body.

25. That said portable plastic gasoline container, Model 50810, was designed, marketed, manufactured and sold by Defendant, Blitz USA, Inc., in an unreasonably dangerous and/or defective condition.

26. That said gasoline container was unreasonably dangerous, as it was unsafe when put to a use that was reasonably foreseeable by Blitz USA, Inc., considering the nature and function of the product.

27. Blitz USA, Inc., although aware of previous explosions and fires and aware of the need for an explosion-proof container and container equipped with a flame arrester/flashback arrester, failed to adequately warn of the potential risks and hazards involved in the use of their product.

28. That at the time said, Blitz gasoline container, Model 50810, left control of Defendant, Blitz USA, and at all times pertinent herein, said Blitz USA, Inc., gasoline container, Model 50810, was defective and unreasonably dangerous in one or more of the following respects:

   a.    The portable plastic gasoline container was both unreasonably dangerous and
         inherently dangerous for the reason that it lacked a flame arrester/flashback
         arrester;

31

b.    The portable plastic gasoline container had inadequate and unreadable warnings and/or instructions as to the hazards and/or risks involving ignition of gasoline vapors with flames coming back in to the container resulting in explosions;

c.    The portable plastic gasoline container was both unreasonably dangerous and inherently dangerous for the reason that it was not explosion-proof.

29.    That at the time the injuries herein complained of occurred, said gasoline container was in substantially the same condition as when the Defendant released it into the stream of commerce.

30.    That Defendant, Blitz USA, created or was the producing cause of the defect in the Blitz USA portable plastic gasoline containers, Model 50810, that caused the injuries to Plaintiff, Hosam Hadid.

31.    That as a direct and proximate result of the defective and unreasonably dangerous condition of the product, Hosam Hadid suffered serious burn injuries; that he has been burned over approximately 7% of his body; that he was caused to expend large sums of money for medical and hospital care in the past in an endeavor to be cured of his injuries, and will in the future be required to spend money for medical and hospital care; that he has suffered great losses of a personal and pecuniary nature; he was subjected in the past to severe pain, suffering, disability, scarring and disfigurement and will be further subjected in the future to pain, suffering, disability and disfigurement; that Hosam Hadid has been unable to attend to his usual duties.

WHEREFORE, Plaintiff, AL HADID, as father and next friend of HOSAM HADID, a minor, by and through is attorneys, MULLEN, MINELLA & KELLIHER and THE ANDERSON LAW FIRM, respectfully requests that judgment be entered against Defendant, Blitz USA, Inc., in an amount necessary to fully and fairly compensate the Plaintiff for all losses compensable under Illinois law in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

32

## COUNT XIV
### (Negligence - Blitz USA, Inc.)

Plaintiff, AL HADID, as father and next friend of HOSAM HADID, a minor, by and through his attorneys, MULLEN, MINELLA & KELLIHER and THE ANDERSON LAW FIRM, states as to Defendant, BLITZ USA, INC.:

That he realleges as though fully set out herein the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26 and 27 of Count XIII as the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26 and 27 of this his Count XIV and further says:

28. That Blitz USA designed, marketed, sold, distributed, manufactured and placed into the stream of commerce, said unreasonably dangerous portable plastic gasoline container.

29. That at all times herein mentioned, it was the duty of the Defendant to design, manufacture, distribute and sell said gasoline container Model 50810 in a reasonably safe condition.

30. That disregarding its duty, Defendant Blitz USA, was guilty of one or more of the following careless and negligent acts or omissions of duty that proximately caused the injuries and damages hereinafter mentioned:

   a.   Designed a portable plastic gasoline container, that lacked a flame arrester/flashback arrester;

   b.   Sold a portable plastic gasoline container that lacked a flame arrester/flashback arrester;

   c.   Designed and sold a portable gasoline container that had inadequate and unreadable warnings and/or instructions on the subject gasoline container as to the hazards and/or risks involving ignition of gasoline vapors with flames coming back into the container resulting in explosions;

33

d.     Failed to properly test the gasoline container with prototypes utilizing flame arresters/flashback arresters;

e.     Failed to determine the economic feasibility of the inclusion of flame arresters/flashback arresters in portable plastic gasoline containers;

f.     Designed a portable plastic gasoline container that was not explosion-proof;

g.     Sold a plastic portable gasoline container that was not explosion-proof;

h.     Failed to engage in an educational program to protect users of the gasoline containers from the foreseeable dangers present in the use of the container when such dangers were well known to Defendant to have existed, and Blitz USA intentionally and knowingly chose not to take action to make said containers safe; and

i.     Were negligent in failing to determine what was widely known and accepted in industry, knowledge derived from test studies and otherwise that the use of flame arresters/flashback arresters, while costing "pennies" per can, could be incorporated on portable plastic gasoline containers, significantly reducing the incidents involving gas container explosions when ignited vapors passed into the containers causing an explosion, and nonetheless failed to take proper precautions to make said gas containers safe.

31.   That as a direct and proximate result of the defective and unreasonably dangerous condition of the product, Hosam Hadid suffered serious burn injuries; that he has been burned over approximately 7% of his body; that he was caused to expend large sums of money for medical and hospital care in the past in an endeavor to be cured of his injuries, and will in the future be required to spend money for medical and hospital care; that he has suffered great losses of a personal and pecuniary nature; he was subjected in the past to severe pain, suffering, disability, scarring and disfigurement and will be further subjected in the future to pain, suffering, disability and disfigurement; that Hosam Hadid has been unable to attend to his usual duties.

34

WHEREFORE, Plaintiff, AL HADID, as father and next friend of HOSAM HADID, a minor, by and through his attorneys, MULLEN, MINELLA & KELLIHER and THE ANDERSON LAW FIRM, respectfully requests that judgment be entered against Defendant, BLITZ USA, INC., in an amount necessary to fully and fairly compensate the Plaintiff for all losses compensable under Illinois law in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

## COUNT XV
### (Breach of Implied Warranty - Blitz USA, Inc.)

Plaintiff, AL HADID, as father and next friend of HOSAM HADID, a minor, by and through his attorneys, MULLEN, MINELLA & KELLIHER and THE ANDERSON LAW FIRM, says as to the Defendant, BLITZ USA, INC.:

That he realleges as though fully set out herein the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27 and 29 of Count XIII as the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27 and 29 of this his Count XV and further says:

28. In selling and placing said gasoline container into the stream of commerce, Blitz USA, Inc., impliedly warranted pursuant to 810 ILCS 5/2-314, that said container was merchantable and fit for the ordinary and foreseeable purposes for which it was intended to be used.

30. Blitz USA breached said implied warranty and said product was not fit for its intended use in one or more of the following respects among others:

a.    Blitz USA failed to adequately test the gasoline containers to determine whether or not said containers were explosion-proof or explosion-resistant;

b.    Blitz USA failed to incorporate a flame arrester/flashback arrester, known to them to be a product which would have prevented container explosions of the type the Plaintiff encountered; and

c.    Blitz USA failed to properly and effectively warn the consumer
public as to the potential of the containers to explode when vapors are
ignited and the flame follows the vapor trail back to and inside the
container.

31.  In breach of the aforesaid warranty, Wal-Mart knowingly placed in the stream of

commerce a gasoline can that was unmerchantable and unfit for its ordinary, intended and

foreseeable uses.

32.  That as a direct and proximate result of the defective and unreasonably dangerous

condition of the product, Hosam Hadid suffered serious burn injuries; that he has been burned over

approximately 7% of his body; that he was caused to expend large sums of money for medical and

hospital care in the past in an endeavor to be cured of his injuries, and will in the future be required

to spend money for medical and hospital care; that he has suffered great losses of a personal and

pecuniary nature; he was subjected in the past to severe pain, suffering, disability, scarring and

disfigurement and will be further subjected in the future to pain, suffering, disability and

disfigurement; that Hosam Hadid has been unable to attend to his usual duties, subjecting Blitz USA

to liability under Illinois law.

WHEREFORE, Plaintiff, AL HADID, as father and next friend of HOSAM HADID, a

minor, by and through his attorneys, MULLEN, MINELLA & KELLIHER and THE ANDERSON

LAW FIRM, respectfully requests that judgment be entered against Defendant, BLITZ USA, INC.,

in an amount necessary to fully and fairly compensate the Plaintiff for all losses compensable under

Illinois law in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

36

## COUNT XVI
### (Strict Liability - Wal-Mart)

Plaintiff, AL HADID, as father and next friend of HOSAM HADID, a minor, by and through his attorneys, MULLEN, MINELLA & KELLIHER and THE ANDERSON LAW FIRM, says as to the Defendant, WAL-MART STORES, INC., a/k/a WAL-MART INC.:

That he realleges as though fully set out herein the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22 and 23 of Count XIII as the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22 and 23 of this his Count XVI and further says:

24. That the Blitz USA, Inc. portable plastic gasoline container, Model 50810 was sold by Defendant Wal-Mart when it knew the product was in an unreasonably dangerous and/or defective condition.

25. That said gasoline container was unreasonably dangerous as it was unsafe when put to a use that was reasonably foreseeable by Wal-Mart, considering the nature and function of the product.

26. That said gasoline container was both unreasonably dangerous and inherently dangerous for the reason that it lacked a flame arrester/flashback arrester and was not explosion-proof, and both the manufacturer, Blitz USA, Inc., and the seller, Wal-Mart, failed to adequately warn of its potential risks of hazards.

27. That Defendant, Wal-Mart's actions and inactions with respect to the sale of Blitz USA portable plastic gasoline containers Model 50810 were a producing cause of Plaintiff, Hosam Hadid's injuries.

37

28. That as a direct and proximate result of the defective and unreasonably dangerous condition of the product, Hosam Hadid suffered serious burn injuries; that he has been burned over approximately 7% of his body; that he was caused to expend large sums of money for medical and hospital care in the past in an endeavor to be cured of his injuries, and will in the future be required to spend money for medical and hospital care; that he has suffered great losses of a personal and pecuniary nature; he was subjected in the past to severe pain, suffering, disability, scarring and disfigurement and will be further subjected in the future to pain, suffering, disability and disfigurement; that Hosam Hadid has been unable to attend to his usual duties.

WHEREFORE, Plaintiff, AL HADID, as father and next friend of HOSAM HADID, a minor, by and through his attorneys, MULLEN, MINELLA & KELLIHER and THE ANDERSON LAW FIRM, respectfully requests that judgment be entered against Defendant, WAL-MART STORES, INC., a/k/a WAL-MART, INC., in an amount necessary to fully and fairly compensate the Plaintiff for all losses compensable under Illinois law in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

## COUNT XVII
### (Negligence - Wal-Mart)

Plaintiff, AL HADID, as father and next friend of HOSAM HADID, a minor, by and through his attorneys, MULLEN, MINELLA & KELLIHER and THE ANDERSON LAW FIRM, says as to the Defendant, WAL-MART STORES, INC., a/k/a WAL-MART INC.:

That he realleges as though fully set out herein the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23 and 24 of Count XIII as the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23 and 24 of

38

this his Count XVII and further says:

25. Plaintiff alleges that Wal-Mart sold, distributed and placed into the stream of commerce

the unreasonably dangerous Blitz USA, Inc., plastic portable gasoline container, Model 50810.

26. That disregarding its duty, Defendant Wal-Mart, was guilty of one or more of the

following careless and negligent acts or omissions of duty that proximately caused the injuries and

damages hereinafter mentioned:

a. Wal-Mart had been placed on notice prior to December 18, 2003, of the defective nature of the Blitz USA, Inc., portable plastic gasoline containers, Model 50810, which were manufactured and sold without flame arresters/flashback arresters, yet continued to sell the products;

b. Wal-Mart negligently failed to require that each container be equipped with flame arresters/flashback arresters;

c. Wal-Mart had been placed on notice prior to December 18, 2003, of the defective nature of the Blitz USA, Inc., portable plastic gasoline containers, Model 50810, which were not explosion-proof when manufactured and sold, yet continued to sell the products;

d. Wal-Mart negligently failed to require that each container be explosion-proof;

e. Wal-Mart sold a product that had inadequate and unreadable warnings and/or instructions on the subject gasoline containers as to the hazards and/or risks involving gasoline vapors; and

f. Knowing the defect, Wal-Mart failed to protect foreseeable users of the gasoline container by selling the container to those members of the unsuspecting public without requiring that the defect be remedied and the warning be changed;

27. That as a direct and proximate result of the defective and unreasonably dangerous

condition of the product, Hosam Hadid suffered serious burn injuries; that he has been burned over

approximately 7% of his body; that he was caused to expend large sums of money for medical and

39

hospital care in the past in an endeavor to be cured of his injuries, and will in the future be required to spend money for medical and hospital care; that he has suffered great losses of a personal and pecuniary nature; he was subjected in the past to severe pain, suffering, disability, scarring and disfigurement and will be further subjected in the future to pain, suffering, disability and disfigurement; that Hosam Hadid has been unable to attend to his usual duties.

WHEREFORE, Plaintiff, AL HADID, as father and next friend of HOSAM HADID, a minor, by and through his attorneys, MULLEN, MINELLA & KELLIHER, respectfully requests that judgment be entered against Defendant, WAL-MART STORES, INC., a/k/a WAL-MART, INC., in an amount necessary to fully and fairly compensate the Plaintiff for all losses compensable under Illinois law in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

## COUNT XVIII
### (Breach of Implied Warranty - Wal-Mart)

Plaintiff, AL HADID, as father and next friend of HOSAM HADID, a minor, by and through his attorneys, MULLEN, MINELLA & KELLIHER and THE ANDERSON LAW FIRM, says as to the Defendant, WAL-MART STORES, INC., a/k/a WAL-MART INC.:

That he realleges as though fully set out herein the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23 and 24 of Count XIII as the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23 and 24 of this his Count XVIII, and further says:

25. In selling and placing said gasoline container into the stream of commerce, Wal-Mart impliedly warranted pursuant to 810 ILCS 5/2-314, that said container was merchantable and fit for the ordinary and foreseeable purposes for which it was intended to be used.

26. Wal-Mart breached said implied warranty in one or more of the following respects, among others:

a.     Wal-Mart failed to adequately test the gasoline containers to determine whether or not said containers were explosion-proof or explosion-resistant;

b.     Wal-Mart failed to inspect the gasoline containers to ensure that they were equipped with flame arresters/flashback arresters;

c.     Wal-Mart failed to inspect the containers as to proper and effective warnings.

27. In breach of the aforesaid warranty, Wal-Mart knowingly placed in the stream of commerce a gasoline container that was unmerchantable and unfit for its ordinary, intended and foreseeable uses.

28. That as a direct and proximate result of the defective and unreasonably dangerous condition of the product, Hosam Hadid suffered serious burn injuries; that he has been burned over approximately 7% of his body; that he was caused to expend large sums of money for medical and hospital care in the past in an endeavor to be cured of his injuries, and will in the future be required to spend money for medical and hospital care; that he has suffered great losses of a personal and pecuniary nature; he was subjected in the past to severe pain, suffering, disability, scarring and disfigurement and will be further subjected in the future to pain, suffering, disability and disfigurement; that Hosam Hadid has been unable to attend to his usual duties, subjecting Wal-Mart to liability under Illinois law.

WHEREFORE, Plaintiff, AL HADID, as father and next friend of HOSAM HADID, a minor, by and through his attorneys, MULLEN, MINELLA & KELLIHER and THE ANDERSON LAW FIRM, respectfully requests that judgment be entered against Defendant, WAL-MART

41

STORES, INC., a/k/a WAL-MART, INC., in an amount necessary to fully and fairly compensate the Plaintiff for all losses compensable under Illinois law in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

## COUNT XIX
### (Strict Products Liability - Blitz USA, Inc.)

Plaintiff, SAMAR HADID, by and through her attorneys, MULLEN, MINELLA & KELLIHER, and THE ANDERSON LAW FIRM, says as to the Defendant, BLITZ USA, INC., as follows:

1. That Defendant, Blitz USA Inc., (hereinafter Blitz USA), is an Oklahoma corporation with its corporate headquarters and principal place of business in Miami, Oklahoma.

2. That at all times pertinent hereto, the Defendant, Blitz USA manufactured red portable plastic gasoline containers, Model 50810.

3. That at all times pertinent hereto, the Defendant, Blitz USA designed red portable plastic gasoline containers, Model 50810.

4. That at all times pertinent hereto, the Defendant, Blitz USA provided the engineering requirements to produce red portable plastic gasoline containers, Model 50810.

5. That at all times pertinent hereto, the Defendant, Blitz USA distributed red portable plastic gasoline containers, Model 50810, including into Cook County, Illinois.

6. That at all times pertinent hereto, the Defendant, Blitz USA sold red portable plastic gasoline containers, Model 50810, including in Cook County, Illinois.

7. That at all times pertinent hereto, the Defendant, Blitz USA intentionally placed into the stream of commerce red portable plastic gasoline containers, Model 50810.

8. That Blitz USA manufactured, designed, engineered, marketed, distributed, sold and intentionally put into the stream of commerce the red portable plastic gasoline container, Model 50810, which was purchased on approximately August 28, 2003, for residential use by Al Hadid, and by Plaintiff, Samar Hadid, and in their possession on December 18, 2003.

9. Blitz USA's gasoline containers, including Model 50810, were marketed and sold under the Blitz USA trademark owned by Blitz USA.

10. The "Blitz" name appeared on the label of gas can Model 50810.

11. That Defendant, Wal-Mart, Inc. (hereinafter Wal-Mart), is a Delaware corporation, doing business in the State of Illinois, Cook County, Chicago, Illinois, with its principal place of business and headquarters in Bentonville, Arkansas.

12. That on and prior to August 28, 2003, Wal-Mart owned and operated the Wal-Mart store in Bridgeview, Illinois, located at 102nd Street and Harlem Avenue.

13. That on and prior to August 28, 2003, Defendant, Wal-Mart was in the business of commercially supplying gasoline containers, including a two-gallon, eight-ounce gasoline container, Model 50810, manufactured by Defendant, Blitz USA.

14. That Blitz USA Inc., places its products into the stream of commerce in Illinois, and sells its products through places of business such as Wal-Mart stores in the State of Illinois, County of Cook.

15. That Wal-Mart selected the Blitz USA Model 50810, two-gallon, eight-ounce gasoline container for sale at its store located at 102nd Street and Harlem Avenue, in Bridgeview, Illinois, for sale on or about August 23, 2003.

16. That gasoline container, Model 50810, does not contain a device known as a flame or

43

spark arrester or a flashback arrester.

17. That at all relevant times, Samar Hadid is and has been an Illinois resident.

18. That on approximately December 18, 2003, Samar Hadid was at her home located at 9311 South 77th Street, Hickory Hills, Cook County, Illinois, with her children, Janeien Hadid, Hasan Hadid and Hosam Hadid.

19. That the Hadid home was equipped with a fireplace.

20. That on December 18, 2003, Samar Hadid, an unsophisticated user and unaware of the dangers of gasoline vapors, observed that there was no fire or active flames in the fireplace.

21. That on said date, Samar Hadid had in her hand the gasoline container, Model 50810, manufactured by Blitz USA in the vicinity of the fireplace.

22. While Samar Hadid held the gasoline container, Model 50810 manufactured by Blitz USA, in the vicinity of the fireplace, vapors from the gasoline were ignited, and the flame was observed following the vapor trail back up to and inside the gasoline container, at which time observers saw and heard it explode.

23. Burning gasoline and gasoline vapors were blown by the force of the explosion from the living room, where they engulfed Samar Hadid, Janeien Hadid and Hasan Hadid, to the garage on one side and to the kitchen on the other side of the home.

24. Hosam Hadid, while attempting to rescue his younger sister, Janeien Hadid, sustained burns to his body.

25. That said portable plastic gasoline container, Model 50810, was designed, marketed, manufactured and sold by Defendant, Blitz USA, in an unreasonably dangerous and/or defective condition.

44

26. That said gasoline container was unreasonably dangerous, as it was unsafe when put to a use that was reasonably foreseeable by Blitz USA considering the nature and function of the product.

27. Blitz USA, although aware of previous explosions and fires and aware of the need for an explosion-proof container and container equipped with a flame arrester/flashback arrester, failed to adequately warn of the potential risks and hazards involved in the use of their product.

28. That at the time said, Blitz USA gasoline container, Model 50810, left control of Defendant, Blitz USA, and at all times pertinent herein, said Blitz USA gasoline container, Model 50810, was defective and unreasonably dangerous in one or more of the following respects:

    a.    The portable plastic gasoline container was both unreasonably dangerous and inherently dangerous for the reason that it lacked a flame arrester/flashback arrester;

    b.    The portable plastic gasoline container had inadequate and unreadable warnings and/or instructions as to the hazards and/or risks involving ignition of gasoline vapors with flames coming back in to the container resulting in explosions;

    c.    The portable plastic gasoline container was both unreasonably dangerous and inherently dangerous for the reason that it was not explosion-proof;

29. That at the time the injuries herein complained of occurred, said gasoline container was in substantially the same condition as when the Defendant released it into the stream of commerce.

30. That Defendant, Blitz USA, created or was the producing cause of the defect in the Blitz USA portable plastic gasoline containers, Model 50810, that caused the injuries to Plaintiff, Samar Hadid.

31. That as a direct and proximate result of the defective and unreasonably dangerous condition of the product, Samar Hadid suffered serious burn injuries; that she has been burned over

87% of her body with 3rd degree burns; that she was caused to expend large sums of money for medical and hospital care in the past in an endeavor to be cured of her injuries, and will in the future be required to spend money for medical and hospital care; that she has suffered great losses of a personal and pecuniary nature; she was subjected in the past to severe pain, suffering, disability, scarring and disfigurement and will be further subjected in the future to pain, suffering, disability and disfigurement; that Samar Hadid has been unable to attend to her usual duties.

WHEREFORE, Plaintiff, SAMAR HADID, by and through her attorneys, MULLEN, MINELLA & KELLIHER and THE ANDERSON LAW FIRM, respectfully requests that judgment be entered against Defendant, BLITZ USA, INC., in an amount necessary to fully and fairly compensate the Plaintiff for all losses compensable under Illinois law in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

## COUNT XX
### (Negligence - Blitz USA, Inc.)

Plaintiff, SAMAR HADID, by and through her attorneys, MULLEN, MINELLA & KELLIHER, and THE ANDERSON LAW FIRM, say as to the Defendant, BLITZ USA, INC., as follows:

That he realleges, as though fully set out herein, the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26 and 27 of Count XIX as the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26 and 27 of this her Count XX and further says:

28. That Blitz USA designed, marketed, sold, distributed, manufactured and placed into the stream of commerce, said unreasonably dangerous portable plastic gasoline container.

46

29.  That at all times herein mentioned, it was the duty of the Defendant to design, manufacture, distribute and sell said gasoline container Model 50810 in a reasonably safe condition.

30.  That disregarding its duty, Defendant Blitz USA, was guilty of one or more of the following careless and negligent acts or omissions of duty that proximately caused the injuries and damages hereinafter mentioned:

a.  Designed a portable plastic gasoline container, that lacked a flame arrester/flashback arrester;

b.  Sold a portable plastic gasoline container that lacked a flame arrester/flashback arrester;

c.  Designed and sold a portable gasoline container that had inadequate and unreadable warnings and/or instructions on the subject gasoline container as to the hazards and/or risks involving ignition of gasoline vapors with flames coming back into the container resulting in explosions;

d.  Failed to properly test the gasoline container with prototypes utilizing flame arresters/flashback arresters;

e.  Failed to determine the economic feasibility of the inclusion of flame arresters/flashback arresters in portable plastic gasoline containers;

f.  Designed a portable plastic gasoline container that was not explosion-proof;

g.  Sold a portable plastic gasoline container that was not explosion-proof;

h.  Failed to engage in an educational program to protect users of the gasoline containers from the foreseeable dangers present in the use of the container when such dangers were well known to Defendant to have existed, and Blitz USA intentionally and knowingly chose not to take action to make said containers safe; and

i.  Were negligent in failing to determine what was widely known and accepted in industry, knowledge derived from test studies and otherwise that the use of flame arresters/flashback arresters, while

47

costing "pennies" per can, could be incorporated on portable plastic gasoline containers, significantly reducing the incidents involving gas container explosions when ignited vapors passed into the containers causing an explosion, and nonetheless failed to take proper precautions to make said gas containers safe.

31. That at the time the injuries herein complained of occurred, said gasoline container was in substantially the same condition as when the Defendant released it into the stream of commerce.

32. That as a direct and proximate result of one or more of the foregoing careless and negligent acts, omissions, and/or defects, the Plaintiff, suffered serious burn injuries; that she has been burned over 87% of her body with 3rd degree burns; that she was caused to expend large sums of money for medical and hospital care in the past in an endeavor to be cured of her injuries, and will in the future be required to spend money for medical and hospital care; that she has suffered great losses of a personal and pecuniary nature; she was subjected in the past to severe pain, suffering, disability, scarring and disfigurement and will be further subjected in the future to pain, suffering, disability and disfigurement; that Samar Hadid has been unable to attend to her usual duties.

WHEREFORE, Plaintiff, SAMAR HADID, by and through her attorneys, MULLEN, MINELLA & KELLIHER and THE ANDERSON LAW FIRM, respectfully requests that judgment be entered against Defendant, BLITZ USA, INC., in an amount necessary to fully and fairly compensate the Plaintiff for all losses compensable under Illinois law in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

## COUNT XXI
### (Breach of Implied Warranty - Blitz USA, Inc.)

Plaintiff, SAMAR HADID, by and through her attorneys, MULLEN, MINELLA & KELLIHER, and THE ANDERSON LAW FIRM, says as to the Defendant, BLITZ USA, INC., as follows:

That he realleges as though fully set out herein the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27 and 29 of Count XIX as the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27 and 29 of this her Count XXI and further says:

28. In manufacturing, selling and placing said gasoline cans into the stream of commerce, Blitz USA Inc., impliedly warranted pursuant to 810 ILCS 5/2-314, that said container was merchantable and fit for the ordinary and foreseeable purposes for which it was intended to be used.

30. Blitz USA breached said implied warranty and said product was not fit for its intended use in one or more of the following respects among others:

   a.   Blitz USA failed to adequately test the gasoline containers to determine whether or not said containers were explosion-proof or explosion-resistant;

   b.   Blitz USA failed to incorporate a flame arrester/flashback arrester, known to them to be a product which would have prevented container explosions of the type the Plaintiff encountered; and

   c.   Blitz USA failed to properly and effectively warn the consumer public as to the potential of the containers to explode when vapors are ignited and the flame follows the vapor trail back to and inside the container.

31. In the breach of the aforesaid warranty, Blitz USA placed in the stream of commerce a gasoline container that was unmerchantable and unfit for its ordinary, intended and foreseeable uses.

32. That as a direct and proximate result of the defective and unreasonably dangerous condition of the product, Samar Hadid suffered serious burn injuries; that she has been burned over 87% of her body with 3rd degree burns; that she was caused to expend large sums of money for medical and hospital care in the past in an endeavor to be cured of her injuries, and will in the future

49

be required to spend money for medical and hospital care; that she has suffered great losses of a personal and pecuniary nature; she was subjected in the past to severe pain, suffering, disability, scarring and disfigurement and will be further subjected in the future to pain, suffering, disability and disfigurement; that Samar Hadid has been unable to attend to her usual duties, subjecting Blitz USA to liability under Illinois law.

WHEREFORE, Plaintiff, SAMAR HADID, by and through her attorneys, MULLEN, MINELLA & KELLIHER and THE ANDERSON LAW FIRM, respectfully requests that judgment be entered against Defendant, BLITZ USA, INC., in an amount necessary to fully and fairly compensate the Plaintiff for all losses compensable under Illinois law in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

## COUNT XXII
### (Strict Liability - Wal-Mart)

Plaintiff, SAMAR HADID, by and through her attorneys, MULLEN, MINELLA & KELLIHER and THE ANDERSON LAW FIRM, says as to the Defendant, WAL-MART STORES, INC., a/k/a WAL-MART INC. :

That he realleges as though fully set out herein the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23 and 24 of Count XIX as the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23 and 24 of this her Count XXII and further says:

25. That the Blitz USA portable plastic gasoline container, Model 50810 was sold by Defendant Wal-Mart when it knew the product was in an unreasonably dangerous and/or defective condition.

50

26. That said gasoline container was unreasonably dangerous as it was unsafe when put to a use that was reasonably foreseeable by Wal-Mart, considering the nature and function of the product.

27. That said gasoline container was both unreasonably dangerous and inherently dangerous for the reason that it lacked a flame arrester/flashback arrester and was not explosion-proof, and both the manufacturer, Blitz USA and the seller, Wal-Mart, failed to adequately warn of its potential risks of hazards.

28. That Defendant, Wal-Mart's actions and inactions with respect to the sale of Blitz USA portable plastic gasoline containers Model 50810 were a producing cause of Plaintiff, Samar Hadid's injuries.

23. That as a direct and proximate result of the defective and unreasonably dangerous condition of the product, Samar Hadid suffered serious burn injuries; that she has been burned over 87% of her body with 3rd degree burns; that she was caused to expend large sums of money for medical and hospital care in the past in an endeavor to be cured of her injuries, and will in the future be required to spend money for medical and hospital care; that she has suffered great losses of a personal and pecuniary nature; she was subjected in the past to severe pain, suffering, disability, scarring and disfigurement and will be further subjected in the future to pain, suffering, disability and disfigurement; that Samar Hadid has been unable to attend to her usual duties.

WHEREFORE, Plaintiff, SAMAR HADID, by and through her attorneys, MULLEN, MINELLA & KELLIHER and THE ANDERSON LAW FIRM, respectfully requests that judgment be entered against Defendant, WAL-MART STORES, INC., a/k/a WAL-MART, INC., in an amount necessary to fully and fairly compensate the Plaintiff for all losses compensable under Illinois law in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

51

## COUNT XXIII
### (Negligence - Wal-Mart)

Plaintiff, SAMAR HADID, by and through her attorneys, MULLEN, MINELLA & KELLIHER and THE ANDERSON LAW FIRM, says as to the Defendant, WAL-MART STORES, INC., a/k/a WAL-MART INC. :

That he realleges as though fully set out herein the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22 and 23 of Count XIX as the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22 and 23 of this her Count XXIII and further says:

24. Plaintiff alleges that Wal-Mart sold, distributed and placed into the stream of commerce the unreasonably dangerous Blitz USA plastic portable gasoline container, Model 50810.

25. That disregarding its duty, Defendant, Wal-Mart, was guilty of one or more of the following careless and negligent acts or omissions of duty that proximately caused the injuries and damages hereinafter mentioned:

    a.    Wal-Mart has been placed on notice prior to December 18, 2003, of the defective nature of the Blitz USA, Inc., portable plastic gasoline containers, Model 50810, which were manufactured and sold without flame arresters/flashback arresters, yet continued to sell the products;

    b.    Wal-Mart negligently failed to require that each container be equipped with a flame arrester/flashback arrester;

    c.    Wal-Mart had been placed on notice prior to December 18, 2003, of the defective nature of the Blitz USA, inc., portable plastic gasoline containers, Model 50810, which were not explosion-proof when manufactured and sold, yet continued to sell the products;

    d.    Wal-Mart negligently failed to require that each container be explosion-proof;

e.     Wal-Mart sold a product that had inadequate and unreadable warnings and/or instructions on the subject gasoline containers as to the hazards and/or risks involving gasoline vapors; and

f.     Knowing the defect, Wal-Mart failed to protect foreseeable users of the gasoline container by selling the container to those members of the unsuspecting public without requiring that the defect be remedied and the warning be changed;

26.   That as a direct and proximate result of the defective and unreasonably dangerous condition of the product, Samar Hadid suffered serious burn injuries; that she has been burned over 87% of her body with 3rd degree burns; that she was caused to expend large sums of money for medical and hospital care in the past in an endeavor to be cured of her injuries, and will in the future be required to spend money for medical and hospital care; that she has suffered great losses of a personal and pecuniary nature; she was subjected in the past to severe pain, suffering, disability, scarring and disfigurement and will be further subjected in the future to pain, suffering, disability and disfigurement; that Samar Hadid has been unable to attend to her usual duties.

WHEREFORE, Plaintiff, SAMAR HADID, by and through her attorneys, MULLEN, MINELLA & KELLIHER and THE ANDERSON LAW FIRM, respectfully requests that judgment be entered against Defendant, WAL-MART STORES, INC., a/k/a WAL-MART, INC., in an amount necessary to fully and fairly compensate the Plaintiff for all losses compensable under Illinois law in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

## COUNT XXIV
### (Breach of Implied Warranty - Wal-Mart)

Plaintiff, SAMAR HADID, by and through her attorneys, MULLEN, MINELLA & KELLIHER and THE ANDERSON LAW FIRM, says as to the Defendant, WAL-MART STORES, INC., a/k/a WAL-MART INC. :

That he realleges as though fully set out herein the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22 and 23 of Count XIX as the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22 and 23 of this her Count XXIV and further says:

24. In selling and placing said gasoline container into the stream of commerce, Wal-Mart impliedly warranted pursuant to 810 ILCS 5/2-314, that said container was merchantable and fit for the ordinary and foreseeable purposes for which it was intended to be used.

25. Wal-Mart breached said implied warranty in one or more of the following respects, among others:

a. Wal-Mart failed to adequately test the gasoline containers to determine whether or not said containers were explosion-proof or explosion-resistant;

b. Wal-Mart failed to inspect the gasoline containers to ensure that they were equipped with flame arresters/flashback arresters;

c. Wal-Mart failed to inspect the containers as to proper and effective warnings.

26. In breach of the aforesaid warranty, Wal-Mart knowingly placed in the stream of commerce a gasoline can that was unmerchantable and unfit for its ordinary, intended and foreseeable uses.

27. That as a direct and proximate result of the defective and unreasonably dangerous condition of the product, Samar Hadid suffered serious burn injuries; that she has been burned over 87% of her body with 3rd degree burns; that she was caused to expend large sums of money for medical and hospital care in the past in an endeavor to be cured of her injuries, and will in the future be required to spend money for medical and hospital care; that she has suffered great losses of a

54

personal and pecuniary nature; she was subjected in the past to severe pain, suffering, disability, scarring and disfigurement and will be further subjected in the future to pain, suffering, disability and disfigurement; that Samar Hadid has been unable to attend to her usual duties, subjecting Wal-Mart to liability under Illinois law.

WHEREFORE, Plaintiff, SAMAR HADID, by and through her attorneys, MULLEN, MINELLA & KELLIHER and THE ANDERSON LAW FIRM, respectfully requests that judgment be entered against Defendant, WAL-MART STORES, INC., a/k/a WAL-MART, INC., in an amount necessary to fully and fairly compensate the Plaintiff for all losses compensable under Illinois law in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

**COUNT XXV**
**(Loss of Consortium - Strict Products Liability - Blitz USA, Inc.)**

Plaintiff, AL HADID, by and through his attorneys, MULLEN, MINELLA & KELLIHER and THE ANDERSON LAW FIRM, says as to the Defendant, BLITZ USA, INC.:

That he realleges as though fully set out herein the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31 and 32 of Count XIX as the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31 and 32 of this his Count XXV and further says:

33. That for a long time prior to December 18, 2003, and subsequent to that date, up to the present, Al Hadid was and is the husband of Samar Hadid; that as a direct and proximate result of Samar Hadid's physical condition and disability, Al Hadid had sustained a loss of consortium in the past and into the future.

WHEREFORE, Plaintiff, AL HADID, by and through his attorneys, MULLEN, MINELLA & KELLIHER and THE ANDERSON LAW FIRM, respectfully requests that judgment be entered against Defendant, BLITZ USA, INC., in an amount necessary to fully and fairly compensate the Plaintiff for all losses compensable under Illinois law in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

## COUNT XXVI
### (Loss of Consortium - Negligence - Blitz USA, Inc.)

Plaintiff, AL HADID, by and through his attorneys, MULLEN, MINELLA & KELLIHER and THE ANDERSON LAW FIRM, says as to the Defendant, BLITZ USA, INC.:

That he realleges as though fully set out herein the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26 and 27 of Count XIX as the allegations of paragraphs 1, 2, 3, 4, 5, 6 , 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26 and 27 of this his Count XXVI and the allegations of paragraphs 28, 29, 30, 31 and 32 of Count XX as the allegations of paragraphs 28, 29, 30, 31 and 32 of this his Count XXVI, and further says:

33. That for a long time prior to December 18, 2003, and subsequent to that date, up to the present, Al Hadid was and is the husband of Samar Hadid; that as a direct and proximate result of Samar Hadid's physical condition and disability, Al Hadid had sustained a loss of consortium in the past and into the future.

WHEREFORE, Plaintiff, AL HADID, by and through his attorneys, MULLEN, MINELLA & KELLIHER and THE ANDERSON LAW FIRM, respectfully requests that judgment be entered against Defendant, BLITZ USA, INC., in an amount necessary to fully and fairly compensate the

Plaintiff for all losses compensable under Illinois law in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

## COUNT XXVII
### (Loss of Consortium - Breach of Implied Warranty - Blitz USA, Inc.)

Plaintiff, AL HADID, by and through his attorneys, MULLEN, MINELLA & KELLIHER and THE ANDERSON LAW FIRM, says as to the Defendant., BLITZ USA, INC.:

That he realleges as though fully set out herein the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27 and 29 of Count XIX as the allegations of the paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27 and 29 of this his Count XXVII, and the allegations of paragraphs 28, 29, 30, 31, 32 and 33 of Count XXI as the allegations of paragraphs 28, 30, 31, 32, 33 and 34 of this his Count XXVII, and further says:

35. That for a long time prior to December 18, 2003, and subsequent to that date, up to the present, Al Hadid was and is the husband of Samar Hadid; that as a direct and proximate result of Samar Hadid's physical condition and disability, Al Hadid had sustained a loss of consortium in the past and into the future.

WHEREFORE, Plaintiff, AL HADID, by and through his attorneys, MULLEN, MINELLA & KELLIHER and THE ANDERSON LAW FIRM, respectfully requests that judgment be entered against Defendant, BLITZ USA, INC., in an amount necessary to fully and fairly compensate the Plaintiff for all losses compensable under Illinois law in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

57

## COUNT XXVIII
### (Loss of Consortium - Strict Liability - Wal-Mart)

Plaintiff, AL HADID, by and through his attorneys, MULLEN, MINELLA & KELLIHER and THE ANDERSON LAW FIRM, says as to the Defendant., WAL-MART STORES, INC., a/k/a WAL-MART, INC.:

That he realleges as though fully set out herein the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17 and 18 of Count XIX as the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17 and 18 of this his Count XXVIII and the allegations of paragraphs 19, 20, 21, 22, 23 and 24 of Count XXII as the allegations of paragraphs 19, 20, 21, 22, 23 and 24 of this his Count XXVIII, and further says:

25. That for a long time prior to December 18, 2003, and subsequent to that date, up to the present, Al Hadid was and is the husband of Samar Hadid; that as a direct and proximate result of Samar Hadid's physical condition and disability, Al Hadid had sustained a loss of consortium in the past and into the future.

WHEREFORE, Plaintiff, AL HADID, by and through his attorneys, MULLEN, MINELLA & KELLIHER and THE ANDERSON LAW FIRM, respectfully requests that judgment be entered against Defendant, WAL-MART STORES, INC., a/k/a WAL-MART, INC., in an amount necessary to fully and fairly compensate the Plaintiff for all losses compensable under Illinois law in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

## COUNT XXIX
### (Loss of Consortium -Negligence - Wal-Mart)

Plaintiff, AL HADID, by and through his attorneys, MULLEN, MINELLA & KELLIHER and THE ANDERSON LAW FIRM, says as to the Defendant., WAL-MART STORES, INC., a/k/a WAL-MART, INC.:

That he realleges as though fully set out herein the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17 and 18 of Count XIX as the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17 and 18 of this his Count XXIX and the allegations of paragraphs 19, 20 and 21 of Count XXIII as the allegations of paragraphs 19, 20 and 22 of this his Count XXIX, and further says:

21. That for a long time prior to December 18, 2003, and subsequent to that date, up to the present, Al Hadid was and is the husband of Samar Hadid; that as a direct and proximate result of Samar Hadid's physical condition and disability, Al Hadid had sustained a loss of consortium in the past and into the future.

WHEREFORE, Plaintiff, AL HADID, by and through his attorneys, MULLEN, MINELLA & KELLIHER and THE ANDERSON LAW FIRM, respectfully requests that judgment be entered against Defendant, WAL-MART STORES, INC., a/k/a WAL-MART, INC., in an amount necessary to fully and fairly compensate the Plaintiff for all losses compensable under Illinois law in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

## COUNT XXX
### (Loss of Consortium - Breach of Implied Warranty - Wal-Mart)

Plaintiff, AL HADID, by and through his attorneys, MULLEN, MINELLA & KELLIHER and THE ANDERSON LAW FIRM, says as to the Defendant., WAL-MART STORES, INC., a/k/a WAL-MART, INC.:

That he realleges as though fully set out herein the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7 , 8, 9, 10, 11, 12, 13, 14, 15, 16, 17 and 18 of Count XIX as the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17 and 18 of this his Count XXX and the allegations of

paragraphs 19, 20, 21, 22 and 23 of Count XXIV as the allegations of paragraphs 19, 20, 21, 22 and 23 of this his Count XXX, and further says:

24. That for a long time prior to December 18, 2003, and subsequent to that date, up to the present, Al Hadid was and is the husband of Samar Hadid; that as a direct and proximate result of Samar Hadid's physical condition and disability, Al Hadid had sustained a loss of consortium in the past and into the future.

WHEREFORE, Plaintiff, AL HADID, by and through his attorneys, MULLEN, MINELLA & KELLIHER and THE ANDERSON LAW FIRM, respectfully requests that judgment be entered against Defendant, WAL-MART STORES, INC., a/k/a WAL-MART, INC., in an amount necessary to fully and fairly compensate the Plaintiff for all losses compensable under Illinois law in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

## COUNT XXXI
### (Family Expense Act - Blitz USA, Inc.)

Plaintiffs, SAMAR HADID and AL HADID, individually, by and through their attorneys, MULLEN, MINELLA & KELLIHER and THE ANDERSON LAW FIRM, say as to the Defendant, BLITZ USA, INC.:

1. That their daughter, Janeien Hadid was born on April 20, 2001, and therefore is a minor.

2. That their son, Hasan Hadid was born on February 24, 1993, and therefore is a minor.

3. That their son Hosam Hadid was born on March 1, 1994, and therefore is a minor.

4. That Janeien Hadid, Hasan Hadid and Hosam Hadid reside with their mother, Samar Hadid, and their father, Al Hadid, and have resided with them since the dates of their births.

5. That Janeien Hadid, Hasan Hadid and Hosam Hadid are and have been dependent upon

60

their mother and their father for support, including payment of their medical bills.

6. That Samar Hadid and Al Hadid are and have been obligated to pay the medical bills and expenses arising from the injuries to their daughter, Janeien Hadid, to their son, Hasan Hadid and to their son, Hosam Hadid.

7. This action is brought pursuant to the Family Expense Act, 750 ILCS 56/15.

WHEREFORE, for the aforesaid reasons, Plaintiffs, SAMAR HADID AND AL HADID, request judgment against Defendant, BLITZ USA, INC., in the amount of the medical bills and expenses arising from the injuries to their daughter, JANEIEN HADID, to their son, HASAN HADID, and to their son, HOSAM HADID.

## COUNT XXXII
### (Family Expense Act - Wal-Mart)

Plaintiffs, SAMAR HADID and AL HADID, individually, by and through their attorneys, MULLEN, MINELLA & KELLIHER and THE ANDERSON LAW FIRM, say as to the Defendant, BLITZ USA, INC.:

1. That their daughter, Janeien Hadid was born on April 20, 2001, and therefore is a minor.

2. That their son, Hasan Hadid was born on February 24, 1993, and therefore is a minor.

3. That their son Hosam Hadid was born on March 1, 1994, and therefore is a minor.

4. That Janeien Hadid, Hasan Hadid and Hosam Hadid reside with their mother, Samar Hadid, and their father, Al Hadid, and have resided with them since the dates of their births.

5. That Janeien Hadid, Hasan Hadid and Hosam Hadid are and have been dependent upon their mother and their father for support, including payment of their medical bills.

6. That Samar Hadid and Al Hadid are and have been obligated to pay the medical bills and

61

expenses arising from the injuries to their daughter, Janeien Hadid, to their son, Hasan Hadid and to their son, Hosam Hadid.

7. This action is brought pursuant to the Family Expense Act, 750 ILCS 56/15.

WHEREFORE, for the aforesaid reasons, Plaintiffs, SAMAR HADID AND AL HADID, request judgment against Defendant, BLITZ USA, INC., in the amount of the medical bills and expenses arising from the injuries to their daughter, JANEIEN HADID, to their son, HASAN HADID, and to their son, HOSAM HADID.

Respectfully submitted,

_____
Christopher Mullen, one of the attorneys for
Plaintiffs, Al Hadid, as father and next friend
of Janeien Hadid, Hasan Hadid and Hosam
Hadid, all minors, and Samar Hadid and Al
Hadid, individually

Christopher Mullen
Mary R. Minella
MULLEN, MINELLA & KELLIHER
Three First National Plaza
Suite 2060
Chicago, IL 60602
(312) 346-2998
Fax: (312) 346-6024
#07190

Hank Anderson
THE ANDERSON LAW FIRM
4600 Belair
Wichita Falls, TX 76310
(940) 691-7600
Fax: (940) 691-1790


CT System

*1789.03*
NC/kJP

TO: Kim Lundy Mail Stop #0215
Wal-Mart Stores, Inc.
702 SW 8th Street
Mail Stop #0215
Bentonville, AR 72716

**RE: PROCESS SERVED IN ILLINOIS**

**FOR** Wal-Mart Stores, Inc. Domestic State: De

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **1. TITLE OF ACTION:** | Al Hadid, as father and next friend of Janeien Hadid, Hasan Hadis and Hosam Hadid, all minors, Samar Hadid and Al Hadid. vs Blitz Usa, Inc., et al,. Walmart Stores Inc. |
| **2. DOCUMENT(S) SERVED:** | Summons, Complaint |
| **3. COURT:** | Circuit Court of Cook County, Illinois, County Department, Law Division Case Number 05L000840 |
| **4. NATURE OF ACTION:** | Personal Injury - Serious burns from portable gasoline container Model #50810. Amount claimed $75,000.00 etc. |
| **5. ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Chicago, Illinois |
| **6. DATE AND HOUR OF SERVICE:** | By Process server on 01/26/2005 at 10:00 |
| **7. APPEARANCE OR ANSWER DUE:** | Within 30 days |
| **8. ATTORNEY(S):** | Mullen, Minella & Kelliher 312-346-2998 Three First National Plaza Suite 2060 Chicago, Il 60602 |
| **9. REMARKS:** | Federal Express Number 8379 8232 2967. i-Note sent 01/26/2005 to KIM.LUNDY@WAL-MART.COM |

| | |
|---|---|
| **SIGNED** | CT Corporation System |
| **PER** | Tawana Carter /AB |
| **ADDRESS** | 208 South LaSalle Street Suite 814 Chicago, IL 60604 SOP WS 0008948388 |

Information contained on this transmittal form is recorded for C T Corporation System's record keeping purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the appropriate action.



2120 - Served                          2121 - Served
2220 - Not Served                      2221 - Not Served
2320 - Served By Mail                  2321 - Served By Mail
2420 - Served By Publication           2421 - Served By Publication
SUMMONS                                ALIAS - SUMMONS

(Rev. 9/3/99)  CCG 0001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, ___LAW___ DIVISION

**(Name all parties)**

AL HADID, as father and next friend of
JANELEN HADID, HASAN HADID and HOSAM HADID,
all minors, SAMAR HADID and AL HADID,
individually,

       Plaintiffs,   v.

BLITZ USA, INC., and WAL-MART STORES, INC.,
a/k/a WAL-MART, INC.,

    Defendants.

No. _____

Please Serve:

See Reverse Side

CSL 000040
CALENDAR X
PRODUCT LIABILITY

## SUMMONS

**To each defendant:**

    **YOU ARE SUMMONED** and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court a the following location:

  ☒  Richard J. Daley Center, 50 W. Washington, Room ___801___, Chicago, Illinois 60602

  ❑ **District 2 - Skokie**    ❑ **District 3 - Rolling Meadows**    ❑ **District 4 - Maywood**
     5600 Old Orchard Rd.         2121 Euclid              1500 Maybrook Ave.
     Skokie, IL 60077           Rolling Meadows, IL 60008    Maywood, IL 60153

  ❑ **District 5 - Bridgeview**    ❑ **District 6 - Markham**
     10220 S. 76th Ave.          16501 S. Kedzie Pkwy.
     Bridgeview, IL 60455        Markham, IL 60426

**You must file within 30 days after service of this summons, not counting the day of service.**
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

    **This summons must be returned** by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. **This summons may not be served later than 30 days after its date.**

Atty. No.: ___07190___              WITNESS, ____JAN 2 4 2005____,

Name: __MULLEN, MINELLA & KELLIHER__

Atty. for: __Plaintiffs__                   DOROTHY BROWN
                                       Clerk CLERK OF CIRCUIT COURT
Address: __Three First National Plaza, Suite__ 2060

City/State/Zip: __Chicago, IL 60602__      Date of service: _____

Telephone: __(312) 346-2998__         (To be inserted by officer on copy left with defendant
                                      or other person)

Service by Facsimile Transmission will be accepted at: _____

**DOROTHY BROWN**         (Area Code)   (Facsimile Telephone Number)

CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

<u>Please Serve:</u>

Blitz USA, Inc.
R/A:  John R. Elmburg
404 26th Ave., N.W.
Miami, OK  74354


Wal-Mart Stores, Inc.,
R/A:  CT Corporation System
208 S. LaSalle St.
Suite 814
Chicago, IL  60604-1101